## HOBBS & BUCK *v.* HERMAN GROCERY CO.

[74 South. 26, Division B.]

SALES. *Disclosure of contracting parties. Peremptory instruction. Statute.*

Under the facts as set out in this case the court held that section 4784, Code 1906, had no application and a peremptory instruction for defendant, was erroneous.

APPEAL from the circuit court of Holmes county.
Hon. Monroe McClurg, Judge.

Appellant, a firm composed of D. H. Hobbs and De Witt Buck, sold appellees a large quantity of peas, the price of which was six hundred sixteen dollars and thirty-eight cents. About the time of this transaction, Buck Bros. Co., a firm in which De Witt Buck was a partner, owed

appellee one hundred seventy-two dollars and twenty-nine cents.

The mercantile stock of Buck Bros. Company was destroyed by fire. Appellee refused to settle the account of Hobbs & Buck unless allowed to apply as a credit thereon to balance due appellee by Buck Bros. Company. Appellant thereafter brought suit to recover the balance one hundred and seventy-two dollars and seventy-nine cents. The circuit judge gave a peremptory instruction for the defendant upon the theory that section 4784 of the Code of 1906 applied.     This section provides as follows:

"If a person shall transact business as a trader or otherwise with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts,and be in all respects treated in favor of his creditors as his property."

The firm of Hobbs & Buck had procured a loan from a bank of which Hobbs was president, and with the funds so furnished had purchased the peas sold to appellee. They had been stored in a warehouse on property owned by Buck Bros. Company, who were country merchants running a crossroads store. Buck Bros. Company had posted notices at several places in the county to the effect that they wanted to purchase one thousand bushels of peas and other country produce, and had also advertised in papers in large cities that they had peas for sale. The peas were sold to appellee by De Witt Buck, who was a member of both firms.

At the close of the testimony, the defendant made the following motion, which was sustained by the court:

"Now comes the defendant and moves the court to exclude the evidence and direct the jury to find a verdict

for the defendant because it was shown that peas were acquired by Buck Bros. Company without any sign disclosing Hobbs & Buck had interest in it."

*Boothe & Pepper* and *P. P. Lindholm,* for appellant.

*Elmore & Ruff,* for appellee.

COOK, P. J., delivered the opinion of the court.

We think that the jury would have been warranted in believing that the Herman Grocer Company bought the peas from Hobbs & Buck. If that be true, the Herman Grocer Company became the debtor of Hobbs & Buck. It selected its creditor, and the creditor accepted its debtor. In this state of the case, section 4784, Code of 1906, has no application, and the trial court erred in directing a verdict for defendant.

*Reversed and remanded.*